■ SANWEP RESTAURANT CORP., Appellant, v CONSOLIDATED EDISON COMPANY OF N. Y., INC., Respondent. [611 NYS2d 177] — Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered on or about December 15, 1992, unanimously modified, on the law, to the extent of reinstating claims for purely economic loss in the form of lost profits, with the exception of such profits claimed in connection with a film contract opportunity, and otherwise affirmed, without costs.

A fire at defendant's South Street Seaport substation in August 1990 resulted in a power blackout in the area, forcing plaintiff to shut down its restaurant establishment, the Bridge Cafe, for seven days. Alleging gross negligence, plaintiff sued for property damage and lost business revenue. Specifically, the enumerated losses included $3,737 for perishables, $1,500 for damaged equipment, nearly $19,000 for lost profits (estimated at 69% of expected average gross income for the period), and $1,500 for a lost movie opportunity that would have utilized the front of the building.

Generally, economic loss from business interruption is not recoverable in damages where the claim is based upon lost profits, revenues or labor productivity which are "speculative" in nature *(Koch v Consolidated Edison Co.,* 62 NY2d 548, 561, *cert denied* 469 US 1210; *Grow Tunneling Corp. v Consolidated Edison Co.,* 157 AD2d 452; *Kirsch Beverage Corp. v Consolidated Edison Co.,* 130 AD2d 718). But this does not negate the possibility that in a given situation of gross negligence, proof of lost profits might very well be certain and specific enough to warrant recovery in damages *(Milliken & Co. v City of New York,* 199 AD2d 75; *see, Koch v Consolidated Edison Co.,* 62 NY2d, *supra,* at 562, n 9). The burden of establishing such a claim with certainty is a heavy one, and depends in part upon whether the missed revenue is merely delayed, or permanently lost *(see, Dunlop Tire & Rubber Corp. v FMC Corp.,* 53 AD2d 150, 154-156). Such service industry proprietors as hoteliers and restaurateurs are particularly vulnerable to revenue losses, due to unexpected closure, which cannot be made up at a later date *(see, e.g., Turner v Reynolds,* 271 App Div 413, *lv denied* 296 NY 1062). In the case of a restaurant

which has been a going concern in the area for 13 years, the prospect of establishing a basis for at least some lost revenue over a given one-week period is not so speculative that the claim should have been dismissed on a motion for summary judgment.

In contrast is plaintiff's claim of lost revenue in connection with the missed motion picture opportunity. That prospect was uncertain and speculative, and thus falls within the general rule of nonrecoverability *(Grow Tunneling Corp. v Consolidated Edison Co., supra).* Concur—Sullivan, J. P., Wallach, Rubin and Nardelli, JJ.